UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                                  Case # 24-CR-6166-FPG-6

v.

                                                                   DECISION AND ORDER

WEN XIAO ZHANG,

                    Defendant.
_____

        On February 3, 2025, Defendant moved for a hearing to determine mental competency, pursuant to 18 U.S.C. § 4241. Magistrate Judge Mark W. Pedersen ordered that a psychiatric examination and hearing be conducted on the matter. ECF No. 90. An examination was conducted, and a report duly filed. ECF No. 101. A competency hearing was held on July 1, 2025, before Magistrate Judge Mark W. Pedersen. ECF No. 135. On July 1, 2025, Judge Pedersen issued a Report & Recommendation ("R&R") recommending that Defendant's presence at the competency hearing be excused and recommending that Defendant be found not competent to stand trial. ECF No. 136. No objections have been timely filed. For the reasons that follow, R&R is ADOPTED in its entirety. Accordingly, Defendant's presence at the competency hearing is excused, and Defendant is found not competent to stand trial.

        In reviewing an R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are filed, the Court is not required to conduct a *de novo* review of an R&R. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties

1

receive clear notice of the consequences of their failure to object."). Rather, the Court reviews an R&R only for clear error. *See Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995).

Judge Pedersen notified the parties about the deadline to file objections and the consequences for failing to do so. ECF No. 136 at 7–8. Neither party filed an objection within the specified time, nor did either party request an extension of time. Review for clear error is therefore appropriate. Having considered the record, and after reviewing the R&R for clear error, the Court agrees with Judge Pedersen's recommendation and adopts the R&R in its entirety. Accordingly, Defendant's presence at the competency hearing is excused, and Defendant is found not competent to stand trial.

IT IS SO ORDERED.

Dated: August 5, 2025
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York